IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CHRISTINE CURRY, *et al.*, on behalf of themselves and others similarly situated, Plaintiffs, v. KRAFT FOODS GLOBAL, INC., Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | 10 C 1288 Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Christine Curry, Todd Schiltz, Anthony Thompson, David Lenoci, Thomas Sheridan, Terry T. Gibson, Margaret Key, Felix Kaskie, Estela Diehl, and Robert Kmiecik (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, brought this class action suit against Kraft Foods Global, Inc. for failing to pay Plaintiffs for time spent donning and doffing protective equipment before and after their work shift. Plaintiffs claim that Kraft violated the Illinois Minimum Wage Act (Count I) and the Illinois Wage Payment and Collection Act (Count II). This Court previously held that section 301 of the Labor Management Relations Act preempted state law and brought the case within the jurisdiction of the federal courts. (Doc. 39, "Remand Order"). Plaintiffs moved for class certification, which this Court granted. (Doc. 70). Kraft now moves for summary judgment against the Plaintiffs. (Doc. 74). Kraft asks that its motion be decided solely on the grounds provided by section 203(o) of the Fair Labor Standards Act. For the reasons set forth below, Kraft's motion for summary judgment is granted.

1

**I. Material Undisputed Facts**

Kraft owns and operates a manufacturing facility in Naperville, Illinois where it manufactures Triscuit brand crackers. (Def 56.1 Facts ¶ 8)[1]. Kraft acquired the Naperville Facility from Nabisco in the mid-1990's and has operated it since that time. (*Id.* ¶ 9). Currently Kraft employs 165 hourly workers at the Naperville Facility, all of whom are required to don particular clothing before starting their shift and doff those items after completing their shift. (*Id.* ¶ 10).

All employees at the Naperville Facility are issued identification badged which they use to clock in and out at the beginning and end of their shift. (*Id.* ¶ 13). Employees park directly behind the Facility and once inside the Facility they may proceed to the men's or women's locker rooms or to the cafeteria to store their food. (*Id.* ¶¶ 15-16).

Hourly employees are required to wear certain clothing at all times while on the production floor. (*Id.* ¶ 17). This includes shoes, safety glasses, hearing protection, hairnets, beard nets, Kraft-issued t-shirt or snap shirt, and work pants. (*Id.*). Depending on the location of their work on the production floor, some hourly employees must also wear bump caps. (*Id.* ¶ 18). The shoes, shirts, and pants must be donned and doffed at the Facility. (*Id.* ¶ 19). The remaining items may be donned at the Facility, but do not need to be. (Id.). Employees are provided with lockers in which they can

---

[1] Plaintiffs do not follow any of the Local Rules governing the procedures of summary judgment, including Local Rules 7.1 and 56.1. Plaintiffs did not submit separately numbered responses to each of the Defendant's facts as required by Local Rule 56.1(b)(3). Plaintiffs say that they do not dispute paragraphs 2-21 and 26 of Defendants facts. Plaintiffs claim that paragraphs 24-25 and 27-56 are irrelevant–an argument that is unmeritorious. Plaintiffs dispute paragraphs 1 and 2, as those are jurisdictional statements and the Plaintiffs maintain that their case should be remanded to state court. Plaintiffs claim to dispute the substance of paragraphs 22 and 23, but they end up conceding the veracity of the statements. Because the Plaintiffs failed to conform with Rule 56.1(b)(3), reference is to the Defendant's statement of undisputed material facts properly submitted in accordance with Local Rule 56.1(a)(3).

store their clothing. (*Id.* 20). Employees may get new earplugs and hair/beard nets at stations located in hallways leading to the production floor. (*Id.* ¶ 21). However, employees are not required to don new earplugs and hair/beard nets everyday. (*Id.*).

The hourly employees, which all of the Plaintiffs are, are represented by one of two Unions: (a) the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union, Local No. 1 ("BCTGM"), or (b) the International Association of Machinists and Aerospace Workers, AFL-CIO, Local 1202 ("IAM"). (*Id.* ¶ 24). Since Kraft took over the Facility it has entered into a number of collective bargaining agreements with the BCTGM and IAM. (*Id.* ¶ 25). Plaintiffs admit that the "Work Time claimed herein is not compensable under the collective bargaining agreements pursuant to which the plaintiffs and members of the putative class are employed." (*Id.* ¶ 26).

The BCTGM and Kraft have negotiated a collective bargaining agreement that applies to all hourly Kraft employees who are members of the Union. (*Id.* ¶ 27). The current CBA between Kraft and the BCTGM applies from April 27, 2009 through April 29, 2013. (*Id.* 28). This CBA does not contain any requirement that Kraft pay hourly employees for donning and doffing time. (*Id.* ¶ 29). The predecessor CBAs, effective since Kraft purchased the Facility, have all likewise not provided for such payments. (*Id.*). The CBA provides for "normal and regular hours of work," the availability of overtime pay, and the rate of pay for Saturdays and Sundays. (*Id.* ¶ 30). The CBA also contains a comprehensive three-step grievance procedure for employees who wish to grieve any differences or disputes that arise. (*Id.* ¶ 31).

The IAM and Kraft have also negotiated a collective bargaining agreement that applies to all hourly Kraft employees who are members of that Union. (*Id.* ¶ 36). The current CBA applies from June 13, 2009 through June 15, 2013. (*Id.* ¶ 37). This CBA is a continuation of the prior CBA that

was in effect from June 10, 2006 through June 13, 2009. (*Id.*). The current CBA does not require Kraft to pay for any donning or doffing time. (*Id.* ¶ 38). Indeed, no CBA between IAM and Kraft since Kraft acquired the plant has required payment for donning or doffing. (*Id.*). Like the BCTGM CBA, the IAM CBA provides for regular work hours and overtime. (*Id.* ¶ 39). Also like the BCTGM CBA, the IAM CBA contains a three-step grievance procedure. (*Id.* ¶ 41).

Each of the named Plaintiffs was familiar with the three-step grievance procedures set forth in the CBAs. (*Id.* ¶ 46). None, however, exhausted their administrative remedies by grieving the clothing issue in the manner set forth in the CBAs. (*Id.* ¶ 47).

Since the time it acquired the Facility in the mid-1990's, Kraft has never paid its hourly employees for donning or doffing time. (*Id.* ¶ 50). Even prior to Kraft's acquisition of the Facility, hourly employees there were not paid for donning or doffing time. (*Id.* ¶ 51). One of the Plaintiffs, Terry Gibson, began working at the Facility in 1975 and testified that he never has been paid for donning or doffing time. (*Id.* ¶ 52). The other named Plaintiffs testified along the same lines. (*Id.* ¶¶ 53-54).[2]

## II. The Standard of Review

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether

---

[2]Plaintiffs attempt to introduce additional facts into the record as permitted by Local Rule 56.1(b)(3)(C). Even if the Plaintiffs had used the appropriate form, which they did not, their additional facts are immaterial to this motion for summary judgment. The Plaintiffs' purported additional facts are devoted exclusively to the issue of remand to state court. Because the Court has now twice decided that remand is inappropriate, the issue is no longer central to the dispute. Thus, all of the additional statements of undisputed facts that Plaintiffs improperly tendered to the Court are immaterial and are accordingly disregarded.

a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, on summary judgment the Court will limits its analysis of the facts to that evidence that is supported by the parties' Local Rule 56.1 statements properly before the Court. *Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, for purposes of summary judgment the Court will accept that statement as true. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

### III. Discussion

Plaintiffs' claims arise under the Illinois Minimum Wage Law, 820 ILCS105/1 *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. The Minimum Wage Law establishes the minimum wage in Illinois at $8.25 per hour, but the law expressly states that is does not amend or rescind any other state laws that provide more favorable minimum wage or maximum hour standard. *See* 820 ILCS 105/4; 105/13. The Minimum Wage Law does not "in any way diminish the rights of employees to bargain collectively with their employers through representatives of their own choosing in order to establish wages or other conditions of work in excess of the applicable minimum standards of the provisions of this Act." 820 ILCS 105/14. The Wage Payment

Act regulates the pay period for wages, and also allows the parties to collectively bargain for the date and arrangements for the payment of wages. 820 ILCS 115/4. As this Court held in the Remand Order in this case, the federal counterpart to these laws is section 203(o) of the Fair Labor Standards Act, which allows for a union and an employer to bargain to exclude donning and doffing from the amount of hours worked for the purposes of calculating the minimum wage and maximum workweek. *See* 29 U.S.C. § 203(o).

The Illinois statutes under which Plaintiffs assert their claims are silent with respect to the issue of whether donning or doffing time is compensable. *Compare* 820 ILCS105/1 *et seq* (silent with respect to clothes changing) with Wis. Admin. Code § DWD 272.12(2)(e)(1)(c) ("Among the activities included as an integral part of the principal activity are those closely related activities which are indispensable to its performance. If an employee...cannot perform their principal activities without putting on certain clothes, changing clothes on the employer's premises at the beginning and end of the workday would be an integral part of the employee's principal activity."). Given this statutory silence, courts must decide whether the Minimum Wage Law or the Wage Payment Act compel compensation for time spent donning and doffing clothing.

The courts that have considered the issue have concluded that the statutes do not require such compensation. *See Mitchell v. JCG Indus.*, 792 F.Supp.2d 1005, 1010 (N.D. Ill. 2011) ("The parties have not presented, nor has the court found, a single case holding Illinois law requires time spent donning and doffing to be included in hours worked or that a collective bargaining agreement may not exclude donning and doffing from hours worked under the Minimum Wage Law. Instead, legal authority supports just the opposite conclusion...[U]nlike Wisconsin law, Illinois wage and hour law does not require the calculation of donning and doffing time.") (citing *Carletto v. Quantum Foods,*

6

No. 05 C 3163, 2006 WL 2018250, *6 (Ill. App. 2006)); *Whitmore v. Kraft Foods Global, Inc.*, No. 10 C 2518, 2011 WL 2560235 (N.D. Ill. June 27, 2011) (noting that it is for the Illinois Supreme Court to address the issue of the scope of the statute and finding that the Minimum Wage Law "does not explicitly mention doffing and donning anywhere. Nor are there, as far as this Court is aware, any Illinois cases that hold that doffing and donning must be compensated..."). Defendants supply an additional case from the Circuit Court of Champaign County that stands for the proposition that donning and doffing time is non-compensable. *See Porter et al. v Kraft Foods Global, Inc.*, No. 10 L 44, Order on Defendant's Motion for Summary Judgment (Circuit Court of the Sixth Judicial Circuit, Champagne County, IL July 18, 2011) ("The Court find that, as a matter of law, the time spent donning and/or doffing is *de minimis* and therefore not compensable, and further that such time is also preliminary or subsequent to principle activities and therefore not compensable on this basis as well."). In short, the statutes do not make any mention of donning or doffing time and no court has ever held that this legislative silence implies that there is a right to compensation for donning or doffing time. Therefore, there is a clear absence of authority under the Minimum Wage Law and the Wage Payment Act, standing by themselves, to resolve this matter.

To ameliorate this problem, the Illinois courts, in construing the Minimum Wage Law and the Wage Payment Act, have held that analogous federal labor statutes–and the Fair Labor Standards Act in particular–should be looked to for guidance. *See Kerbes v. Raceway Assocs., LLC,* No. 11-0318, 2011 WL 5903473, *5 (Ill. App. Nov. 21, 2011) ([I]n light of their substantial similarities, provisions of the Fair Labor Standards Act and interpretations of that legislation can be considered in applying the Minimum Wage Law...In light of the paucity of authority directly considering [the relevant section] of the Minimum Wage Law and its implementing regulations, we will similarly

consider the Fair Labor Standards Act, its implementing regulations, and relevant interpretive case law."); *Lewis v. Giordano's Enters.*, 921 N.E.2d 740, 745-746 (Ill. App. 2009) ("When, as in this case, there is an absence of Illinois case law interpreting an Illinois wage statute, a court may look for guidance to federal cases interpreting an analogous federal statute, namely the Fair Labor Standards Act...[F]ederal cases interpreting the Fair Labor Standards Act...are persuasive authority and can provide guidance in interpreting issues under the Wage Law and the Wage Payment Act"); *Bernardi v. Village of North Pekin*, 482 N.E.2d 101, 102 (Ill. App. 1985) ("[I]n the absence of Illinois decisions dealing with a particular labor law issue, federal decisions dealing with a substantially similar law, while not controlling, may be helpful and relevant."). Furthermore, the Minimum Wage Law itself provides that guidance in interpreting the statute should be derived from the Fair Labor Standards Act, as the Minimum Wage Law's administrative regulations specifically instructs the Director of the Illinois Department of Labor to "refer to the Regulations and Interpretations of the Administrator, Wage and Hour Division, U.S. Department of Labor, administering the Fair Labor Standards Act of 1938, as amended." 56 Ill. Adm. Code 210.120.

Federal courts facing claims under the Minimum Wage Law and the Wage Payment Act have likewise used the Fair Labor Standards Act to construe the statutes. *See Urnikis-Negro v. Am. Family Prop. Servs.,* 616 F.3d 665, 672 n.3 (7th Cir. 2010) ("...the Illinois Minimum Wage law, 820 ILCS 105/4a(1) , is parallel to...the Fair Labor Standards Act, and Illinois courts apply the same principles...to the state provisions."); *Turner v. The Saloon, Ltd.,* 595 F.3d 679, 690 n.7 (7th Cir. 2010) ("Because the protections of the Illinois Wage Payment and Collection Act are coextensive with those of the Fair Labor Standards Act, our analysis of [plaintiff's] claim applies equally to his Illinois Wage Payment Act claim.") (internal citations omitted); *Villareal v. El Chile, Inc.,* 776

8

F.Supp.2d 778, 784 (N.D. Ill. 2011) ("The Fair Labor Standards Act is relevant to plaintiffs' Minimum Wage Law claims because the Minimum Wage Law parallels the Fair Labor Standards Act, and the same analysis generally applies to both statutes...[C]ourts have recognized that federal decisions interpreting the Fair Labor Standards Act also apply to claims asserted under the Minimum Wage Law."). Reliance on federal law is particularly useful here, where there is a paucity of state law on the issue. Thus, this Court will look to and apply the Fair Labor Standards Act in interpreting the Minimum Wage Law and the Wage Payment Act.

The default rule under the Fair Labor Standards Act is that donning and doffing time is compensable as time worked. However, section 203(o) allows for management and the union to enter into a collective bargaining agreement that excludes from "Hours Worked" any time spent changing clothes. *See* 29 U.S.C. § 203(o). In labor law, a longstanding custom or practice may ripen into an implied term of a CBA. *See United Food & Commer. Workers, Local 1546 v. Illinois-American Water Co.,* 569 F.3d 750 (7th Cir. 2009) ("..[CBAs] have implied as well as express terms and the authority of an arbitrator to interpret a [CBA] includes the power to discover such terms."); *Turner v. City of Philadelphia*, 262 F.3d 222, 226 (3d Cir. 2001) ("[R]estating the well-established principle of labor law that a particular custom or practice can become an implied term of a labor agreement through a prolonged period of acquiescence.").

Section 203(o) of the Fair Labor Standards Act states that:

> As used in this Chapter–
>
> (o) Hours Worked.–In determining for the purposes of sections 206 and 207 of this title, the hours for which an employee is employed, ***there shall be excluded any time spent in changing clothes*** or washing at the beginning or end of each workday, which was

9

> excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective bargaining agreement applicable to the particular employee.

29 U.S.C. § 203(o) (emphasis added). Section 203(o) thus applies when (1) there is a bona fide CBA between the parties; (2) that excludes compensation for time spent "changing clothes"; (3) either (a) by "its express terms" or (b) by "custom or practice."

There can be no dispute that the Plaintiffs' relationship with Kraft is governed by one of two CBAs. All of the hourly employees at the Facility are subject either to the BCTGM CBA or the IAM CBA. Likewise, in light of the case law there can be no dispute that the items at issue here are "clothes" within the meaning of the statute. *See Spoerle v. Kraft Foods Global, Inc.* 614 F.3d 427, 428 (7th Cir. 2010) (citing *Sepulveda v. Allen Family Foods, Inc.,* 591 F.3d 209 (4th Cir. 2009)) (rejecting the argument that hairnets, beard nets, bump caps and shirts are not "clothes" within the meaning of 203(o)).

For a custom or practice relating to non-payment for clothes changing to exist there must be a longstanding policy of non-payment that was in effect at the time the most recent CBA was executed. *See Allen v. McWane, Inc.,* 593 F.3d 449, 457 (5th Cir. 2010). The issue of non-compensation for clothes changing need not be mentioned during negotiations in order for a practice to exist, and the employees need not be aware that such time might be compensable. *See Id.; Franklin v. Kellogg Co.*, 619 F.3d 604, 617 (6th Cir. 2010); *Anderson v. Cagle's, Inc.,* 488 F.3d 945, 958-959 (11th Cir. 2007); *Turner,* 262 F.3d at 226.

The undisputed material facts show that Kraft and the Unions have developed a custom or practice of non-payment for the time spent donning and doffing the items at issue here. The most

10

recent CBA between Kraft and BCTGM was made effective April 27, 2009 and the most recent CBA between Kraft and IAM was made effective June 13, 2009. Neither of these CBAs provide compensation for donning or doffing time. Their predecessor CBAs likewise made no provision for donning or doffing time. In fact, Kraft has never entered into a CBA in connection with this Facility that has ever mentioned compensation for donning and doffing time. Since it acquired the Facility roughly 20 years ago, Kraft has never paid for time spent donning or doffing. It is no stretch to say that the hourly employees acquiesced in a policy of non-payment for clothes changing. See *Allen*, 593 F.3d at 452 (custom or practice where employees never received compensation for donning and doffing, union never sought such compensation and union claimed not to know such time was compensable); *Franklin*, 619 F.3d at 617 (custom of not paying for donning or doffing for 19 years); *Cagle's*, 488 F.3d at 958-959 (custom or practice of non-compensation for 10 years); *Turner,* 262 F.3d at 225 (custom of non-compensation for donning and doffing for 30 years). The Court therefore holds that there is a custom or practice of non-compensation for time spent donning and doffing at the Facility within the meaning of section 203(o).

Section 203(o) and its state law counterparts, section 820 ILCS 105/14 of the Minimum Wage Law (collective bargaining rights not affected) and section 820 ILCS 115/4 of the Wage Payment Act (provision for collective bargaining), provide employers and unions the opportunity to negotiate the hours and the rate of pay of employment. Section 203(o) provides for the exclusion of time spent changing clothes from the definition of "Hours Worked" under a CBA, either by express agreement or by integration of a custom or practice. As has been shown, Kraft and the two Unions have a longstanding custom of non-payment for clothes changing time. The foregoing analysis of section 203(o) casts some light on the Plaintiffs' claims under the Minimum Wage Law

and the Wage Payment Act. Excluding compensation for time spent donning and doffing is wholly consistent with the Illinois statutes, which preserve and protect the right to collective bargaining. Plaintiffs acquiesced to a policy of non-compensation for donning and doffing time, and this custom became an implied term of their CBAs. Therefore, the two CBAs to which the Plaintiffs are bound exclude from their definitions of "hours worked" any time spent donning and doffing clothes, and as such the Plaintiffs cannot recover any pay for that time. A longstanding custom, such as the one here, is the kind of understanding between a union and an employer that sections 203(o), 820 ILCS 105/14, and 820 ILCSs 115/4 are designed to protect.

As a final matter, it is worth noting that the Plaintiffs do not respond to Kraft's argument that section 203(o), in conjunction with its state law counterparts, exclude clothes changing time from the meaning of "Hours Worked." Indeed, Plaintiffs make no substantive argument, either in law or fact, in opposition to Kraft's section 203(o) argument. Plaintiffs do not merely fail to adequately develop an argument; they are completely silent. Such a failure to properly advance an argument with citation to legal authority constitutes waiver. *See Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 964 n. 1 (7th Cir. 2004) ("We have repeatedly made clear that perfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even when those arguments raise constitutional issues)."); *United States v Amerson,* 185 F.3d 676, 689 (7th Cir. 1999); *Swanigan v. Trotter*, 645 F.Supp.2d 656, 681 (N.D. Ill. 2009). Thus, summary judgment must be entered in Defendant's favor due to the fact that the Plaintiffs have waived their right to challenge Kraft's legal arguments.

**IV. Conclusion**

The application of section 203(o) of the Fair Labor Standards Act to Plaintiffs' claims entitles

Kraft to summary judgment because the longstanding custom of non-compensation for donning and doffing between the Plaintiffs and Kraft makes such pay unrecoverable. Section 203(o) informs the Court's interpretation of the Minimum Wage Law and the Wage Payment Act, both of which are designed to protect agreements, such as an exclusion for time spent donning and doffing, reached through collective bargaining. Kraft's Motion for Summary Judgment is alternatively granted because Plaintiffs do not make any legal arguments in opposition to the Motion, and thus they waive their right to challenge it.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: January 12, 2012